# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Adams Golf, Inc.,

      Plaintiff,

                                  **Case No. 2:08–cv–517**
                                  **Judge Michael H. Watson**

    v.                               **Magistrate Judge Abel**

Anthony J. Antonious Irrevocable Trust,

      Defendant.

## OPINION AND ORDER

This case concerns a request for declaratory judgment of patent non-infringement and patent invalidity.  The patent at issue, U.S. Patent No. 5,735,754 (the "'754 patent"), is owned by Defendant, Anthony J. Antonious Irrevocable Trust.  Plaintiff, Adams Golf, Inc., asserts claims pursuant to 35 U.S.C. §§ 101, 102, 103, 111, 112, and 115.  (Compl. 6.)  Plaintiff further asserts this Court has subject matter jurisdiction over this case pursuant to 35 U.S.C. § 1 *et seq.* and 28 U.S.C. § 2201 *et seq.* (the "Declaratory Judgment Act").  Furthermore, Plaintiff cites as its basis for venue, 28 U.S.C. § 1391(b) and (c).  Defendant now moves to dismiss the Complaint for lack of personal jurisdiction, or in the alternative, to transfer venue. (Doc. 27.)  For the following reasons, the Court **GRANTS** Defendant's motion to dismiss the Complaint for lack of personal jurisdiction.

## I. FACTS

Plaintiff, Adams Golf, Inc. ("Plaintiff"), is a Delaware corporation with its principal place of business in Plano, Texas. (Compl. (Doc. 2) ¶ 5.) Defendant, Anthony J. Antonious Irrevocable Trust ("Defendant"), is a trust organized under the laws of Florida, located in Wanaque, New Jersey. (Compl. ¶ 6; Def.'s Br. in Supp. of Def.'s Mot. to Dismiss Compl. or Transfer Venue ("Def.'s Br. in Supp.") (Doc. 27) 1.) Defendant, the owner of the '754 patent, entered into a license with a national retailer, Golfsmith Corp. ("Golfsmith"), located in Texas. (Decl. of Carol Guerrieri in Supp. of Def.'s Mot. to Dismiss Compl. or Transfer Venue (Doc. 27–1) ¶ 18.) Plaintiff's products are sold in Ohio. Golfsmith sells products licensed under Defendant's patent in Ohio stores as well. (Decl. of David Lowe in Supp. of Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss Compl. or Transfer Venue (Doc. 28–1) ¶¶ 4–7; Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss Compl. or Transfer Venue ("Pl.'s Resp.") (Doc. 28) 10.)

Defendant sent a letter to Plaintiff's Plano, Texas location, notifying Plaintiff that its sales of its golf clubs were infringing Defendant's '754 patent. (Def.'s Br. in Supp. 1; Decl. of Melvin K. Silverman in Supp. of Def.'s Mot. to Dismiss Compl. or Transfer Venue (Doc. 27–4) ¶ 3.) The parties communicated between New Jersey and Texas in attempts to resolve the issue. (Def.'s Br. in Supp. 1–2.) When no solution was reached, Plaintiff brought this declaratory judgment action in the Southern District of Ohio against Defendant. (Id. at 2.) Defendant filed suit in the District Court of New Jersey weeks later, claiming infringement of the '754 patent by Plaintiff. (Id.)

## II. MOTION TO DISMISS

"In a patent case, the Court must apply the law of the Federal Circuit in analyzing

personal jurisdiction." *Avery Dennison Corp. v. Alien Tech. Corp.*, 632 F. Supp. 2d 700,

704 (N.D. Ohio 2008) (citing *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369,

1371 (Fed. Cir. 2000)); *accord Big Lots Stores, Inc. v. Sorensen Research & Dev.*

*Trust*, No. 2:08-cv-00506, 2009 WL 4547599, at *2 (S.D. Ohio Dec. 2, 2009) (citing

*Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995)); *Bradford Co. v. Afro Mfg.*,

560 F. Supp. 2d 612, 618 (S.D. Ohio 2008) (citing *Red Wing Shoe Co. v. Hockerson-*

*Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998)).

Where, as here, "the district court's disposition as to the personal jurisdictional

question is based on affidavits and other written materials in the absence of an

evidentiary hearing, a plaintiff need only to make a prima facie showing that defendants

are subject to personal jurisdiction." *Elecs. For Imaging, Inc. v. Coyle,* 340 F.3d 1344,

1349 (Fed. Cir. 2003) (citing *Deprenyl Animal Health, Inc. v. Univ. of Toronto*

*Innovations Found.*, 297 F.3d 1343, 1347 (Fed. Cir. 2002)).  *See also Autogenomics,*

*Inc. v. Oxford Gene Tech. Ltd.,* 566 F.3d 1012, 1017 (Fed. Cir. 2009); *Trintec Indus.,*

*Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1282 (Fed. Cir. 2005); *Big Lots*

*Stores*, 2009 WL 4547599, at *2 (citing *Bridgeport Music, Inc. v. Still N The Water*

*Publ'g*, 327 F.3d 472, 478 (6th Cir. 2003)).  "In the procedural posture of a motion to

dismiss, a district court must accept the uncontroverted allegations in the plaintiff's

complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's

favor." *Elecs. For Imaging, Inc.,* 340 F.3d at 1349 (citing *Deprenyl*, 297 F.3d at 1347);

see also *Big Lots Stores*, 2009 WL 4547599, at *2 (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). If the facts alleged support personal jurisdiction, the Court must deny the motion to dismiss, even in the face of controverting evidence provided by the defendant, *id.*, because in a situation of conflicting evidence, "all factual disputes are resolved in the plaintiff's favor." *Bradford*, 560 F. Supp. 2d at 619 (citing *Deprenyl*, 297 F.3d at 1347). "Although the Court considers the pleadings in a light most favorable to Plaintiff, Plaintiff must still set forth specific facts demonstrating that the Court has jurisdiction." *Big Lots Stores, Inc.*, 2009 WL 4547599, at *2 (citing *Serras*, 875 F.2d at 1214).

## III. ANALYSIS

Defendant moves for dismissal of Plaintiff's claim for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). In *LSI Industries*, the Federal Circuit applied a two-prong test to determine whether the exercise of personal jurisdiction over an out-of-state defendant is proper.

> First, a defendant must be amenable to process in the forum state. Second, the court's exercise of personal jurisdiction over the defendant must comply with the precepts of federal due process as delineated in *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement,* 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945) and its progeny.

*LSI Indus.*, 232 F.3d at 1371; *accord Dayton Superior Corp. v. Gen. Techs., Inc.*, No. 3:09cv00114, 2009 WL 4250034, at *3 (S.D. Ohio Nov. 20, 2009).

## A. Amenability to Process in Forum State

The first prong of the analysis is satisfied if the defendant "could be subjected to the jurisdiction of the court of general jurisdiction" in the forum state. FED. R. CIV. P. 4(k)(1)(A). Under Ohio law, "this requirement is fulfilled when a defendant's conduct falls within the bounds of one of a forum state's jurisdictional statutes, such as a long-arm statute[.]" *LSI Indus.*, 232 F.3d at 1371. *Accord Big Lots Stores*, 2009 WL 4547599, at *2; *Dayton Superior Corp.*, 2009 WL 4250034, at *3. While some states' long-arm statutes extend personal jurisdiction to the fullest extent of the Due Process Clause, Ohio's does not. *Dayton Superior Corp.*, 2009 WL 4250034, at *3 (citing *Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002)). Therefore, if an out-of-state defendant is amenable to process under Ohio's long-arm statute, the second prong of the *LSI Industries* test, analyzing whether the exercise of personal jurisdiction complies with due process, is still necessary. *Big Lots Stores*, 2009 WL 4547599, at *2.

In cases involving declaratory judgment against an out-of-state licensor asserting patent infringement, federal law applies. *Akro*, 45 F.3d at 1543. However, the Federal Circuit will "defer to a state's highest court to interpret whether a defendant is amenable to service of process in the forum state." *Delta Sys., Inc.*, 4 Fed. Appx. at 859. Plaintiff relies on Ohio's long-arm statute, Ohio Rev. Code § 2307.382, for a finding of amenability to service of process. Section 2307.382 provides, in relevant part:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from a person's: (1)

Transacting any business in this state; (2) Contracting to supply services or goods in this state; . . . (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.

OHIO REV. CODE § 2307.382.

In its challenge to personal jurisdiction, Defendant denies engaging in any act that would satisfy the Ohio long-arm statute, Ohio Rev. Code § 2307.382. (Def.'s Br. in Supp. 9–10.) Defendant denies transacting business in Ohio, contracting to supply services and goods in Ohio, causing tortious injury by an act or omission, soliciting business in Ohio or engaging in any other persistent cause of conduct or deriving substantial revenues in Ohio, causing any tortious injury in Ohio committed with the purpose of injuring persons when it might have reasonably expected some person would thereby be injured, committing any crime in Ohio, having or using or possessing any real property in Ohio, contracting to insure any risk in Ohio, entering any agreement with any person or entity for solicitation of orders or business in Ohio, or having any beneficiary that resides in Ohio. (*Id.*) Such a lengthy denial, however, seems unnecessary as Plaintiff does not allege many of these things, and furthermore, appears to specifically limit his assertion of amenability to service of process to Ohio Rev. Code § 2307.382 (A)(1), (2), and (4). (Compl. ¶ 4, Pl.'s Resp. 3.) Plaintiff argues Defendant is amenable to process because it transacted business in the state, contracted to supply goods or services in the state, and caused tortious injury in this district by acts outside this district. The Court considers amenability to service of process under each subsection in turn.

### 1. Transaction of business in the state

First, Plaintiff asserts Defendant is amenable to service of process under Ohio Rev. Code § 2307.382(A)(1), which applies if the instant cause of action arises from acts by a defendant or his agent to transact any business in the state.  The Court finds that even if Defendant transacted business in Ohio, Plaintiff's allegations are insufficient to support a finding that Defendant is amenable to process because Plaintiff failed to allege the instant cause of action arose from such a transaction.

The Sixth Circuit interpreted case law from the Supreme Court of Ohio, and determined the use of "arising from" in Section 2307.382 requires a "proximate cause" relationship between the claim and the defendant's conduct. *Brunner v. Hampson*, 441 F.3d 457, 465–66 (6th Cir. 2006).  The transaction of business by Defendant is not the impetus of this lawsuit.  The claim for a declaration of non-infringement or invalidity of patent arose not from Defendant's transaction of business but rather from Defendant's sending of cease-and-desist letters, the receipt of which created a threat of suit.  It is "Plaintiff's efforts to rid these goods of the taint of accused infringement [that] is the entire purpose of this Declaratory Judgment action."  (Pl.'s Resp. 10.)  The instant action arises from the sending of cease-and-desist letters to the Plaintiff in Texas, not from any transaction by Defendant in Ohio.  Therefore, Defendant is not amenable to process under (A)(1).

### 2. Contract to supply goods or services

Second, in support of the applicability of Section 2307.382(A)(2), Plaintiff argues

Defendant has "contracted to supply services or goods in [Ohio.]" (*Id*. at 3.) Plaintiff

provides nothing, with the exception of this conclusory recitation of a possible basis for

amenability to service of process, to suggest this is true. Plaintiff does not provide any

factual basis to show Defendant, a trust, contracted to supply goods in Ohio, nor does

Plaintiff suggest what services Defendant might have offered in Ohio. At most, Plaintiff

argues Defendant entered into a license agreement with Golfsmith (*Id*. at 4–5), but a

license is, generally, an agreement not to sue, not a contract for the provision of goods

or services. *Transcore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271,

1275 (Fed. Cir. 2002) ("[A] non-exclusive patent license is equivalent to a covenant not

to sue."). Perhaps if the license contract included terms of some sort that required the

provision of goods or services this would suffice, but even then, Plaintiff would need to

allege the cause of action arose from such a contract, and that has not occurred.

### 3. Causation of tortious injury in the district by acts outside the district

Third, to satisfy Section 2307.382(A)(4), Plaintiff argues Defendant has

caused tortious injury in this judicial district by acts outside this judicial
district, namely, acts of defendants elsewhere resulting in the herein
complained of threats of patent enforcement action for sales occurring in this
judicial district, and Defendants, on information and belief, regularly do or
solicit business, and/or engage in other persistent courses of conduct, and/or
derive substantial revenue from goods used or consumed or services
rendered in this State and judicial district, and the cause of action herein
arises from the aforementioned alleged acts of patent infringement in this
judicial district.

(Compl. ¶ 4.) The Court finds these allegations, even when taken as true, insufficient to satisfy the Ohio long-arm statute.

The instant cause of action arises from, Plaintiff asserts, "alleged acts of patent infringement in this judicial district." (*Id.*) More properly understood, the current cause of action, a request for declaratory judgments of non-infringement and patent invalidity, arises from *Defendant's assertion of allegations of patent infringement*, as expressed in cease-and-desist letters sent to Plaintiff's headquarters in Plano, Texas. The crux of this Court's analysis on this point is whether or not sending a cease-and-desist letter to Texas caused tortious injury in the Southern District of Ohio.

Plaintiff summarily alleges that such injury occurred in the Southern District of Ohio. The Federal Circuit has held that "[t]he injury of which a declaratory judgment plaintiff complains . . . is a wrongful restraint on the full exploitation of goods," *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998), which could result from the threat of suit expressed in a cease-and-desist letter. *Id.* However, while Defendant sent such a letter, it was sent to Plano, Texas, rather than Ohio. (Def.'s Brief in Supp. 1–2.) The receipt of cease-and-desist letters can cause tortious injury, and, with further action, may subject a defendant to suit in the forum in which the letters were received. *Campbell Pet Co. v. Miale*, 542 F.3d 879, 878 (Fed. Cir. 2008) (A cease-and-desist letter, combined with other actions, "subject[s] the defendant to personal jurisdiction in the forum where the target of the defendant's conduct was located." (citing *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006))). In this case, the letters were

received in Texas rather than Ohio where the alleged non-infringement occurred. Although the cease-and-desist letters may have stemmed from sales in this District, the letters were directed to and received in Texas, not Ohio.

Furthermore, Plaintiff does not otherwise allege any injury in this District resulted from the letters or the threat contained therein. Plaintiff does not claim any "restraint on the full exploitation of goods" occurred in the Southern District of Ohio; there are no allegations that sales in this District were halted, that contracts were lost in this District, or anything else. Thus, there are no allegations provided in the Complaint that suggest an injury in this District resulted from the threat of suit mailed to a company headquartered in Texas and incorporated in Delaware.

## B. Minimum Contacts with Forum State

The second prong of the *LSI Industries* analysis, the requirement of compliance with the Due Process Clause, "necessitates an inquiry into whether a defendant maintains sufficient 'minimum contacts' with the forum state . . . 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *LSI Indus.*, 232 F.3d at 1374–75 (quoting *Int'l Shoe v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940))); *accord Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003) (citing *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 291 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The extent of these minimum contacts determines whether specific or general personal jurisdiction is available to a court.

*Dayton Superior Corp.*, 2009 WL 42500034, at *4 ("Under the 'minimum contacts' test, a defendant may be subject to either specific or general jurisdiction." (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985))).

However, because the Defendant is not amenable to suit, the second portion of the personal jurisdiction analysis, a determination of the existence of minimum contacts with the forum, is unnecessary.  The Court **GRANTS** Defendant's Motion to Dismiss for lack of personal jurisdiction.

## C. Remaining Motions

Based on the aforementioned rulings, the Court need not examine the Defendant's remaining motions for lack of venue, change of venue, and dismissal based on a finding of anticipatory filing.

## IV.  DISPOSITION

Based on the above, the Court **GRANTS** Defendant's Motion to Dismiss the Complaint for lack of personal jurisdiction.  (Doc. 27.)  Accordingly, the Court **DISMISSES** Plaintiff's Complaint against the Anthony J. Antonious Irrevocable Trust **WITHOUT PREJUDICE**.

The Clerk shall remove Doc. 27 from the Court's Civil Justice Reform Act motions report.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**